UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONGQIU ZHAO, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>        v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, JAMES VON MOLTKE, AND MARCUS SCHENCK,<br><br>                        Defendants. | Case No. 1:18-cv-05104-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF WENJENG LI FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .............. 3

    A.      The Procedure Required by the PSLRA ........................................................... 3

        1.  Movant is Willing to Serve as Class Representative ................................. 4

        2.  Movant has the Requisite Financial Interest in the Relief Sought by the
            Class ......................................................................................................... 5

    B.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
            Procedure ...................................................................................................... 6

        1.  Movant's Claims are Typical of the Claims of all the Class Members ...... 7

        2.  Movant Will Adequately Represent the Class ........................................... 8

    II.     MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ............... 9

CONCLUSION ................................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Drexel Burnham Lambert Grp.*,

    960 F.2d 285 (2d Cir. 1992)............................................................................ 8

*Gen. Tel. Co. v. Falcon*,

    457 U.S. 147 (1982)...................................................................................... 7

*In re Milestone Sci. Sec. Litig.*,

    183 F.R.D. 404 (D.N.J. 1998)..................................................................... 6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,

    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................... 7

*In re Party City Secs. Litig*,

    189 F.R.D. 91 (D.N.J. 1999)........................................................................ 6

*In re Razorfish, Inc. Secs. Litig.*,

    143 F. Supp. 2d 304 (S.D.N.Y. 2001).......................................................... 2

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993)......................................................................... 7

*Schulman v. Lumenis, Ltd.,*

    2003 WL 21415287 (S.D.N.Y June 18, 2003) ............................................ 6

*Smith v. Suprema Specialties, Inc.*,

    206 F. Supp. 2d 627 (D.N.J. 2002) ............................................................................... 2

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,

    216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................................. 6

*Weiss v. York Hosp.*,

    745 F.2d 786 (3d Cir. 1984) ..................................................................................... 7, 8

*Weltz v. Lee*,

    199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................... 5, 6, 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................... passim

15 U.S.C. § 78u-4(e) .................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................ passim

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all persons other than defendants who purchased or otherwise acquired the securities of Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Company") between March 20, 2017 through May 30, 2018, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, John Cryan ("Cryan"), James von Moltke ("Moltke"), and Marcus Schenck ("Schenck") (all defendants other than the Company, collectively, the "Individual Defendants").[1]

Movant Wenjeng Li ("Movant") lost approximately $142,777.15 as a result of the alleged fraud during the Class Period.  Movant respectfully submits his memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

Movant believes that he has the largest financial interest in the outcome of the case.[2]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

---

[1]     Specifically, Plaintiff in the Action alleges that all defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated under the Exchange Act, as well as Section 20(a) of the Exchange Act.

[2]     Li's certification identifying his transactions in Deutsche Bank, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated August 6, 2018 as Exhibits 1 and 2, respectively.

[3]     The "Class" is comprised of all persons who purchased or otherwise acquired Deutsche Bank securities during the Class Period.  Excluded from the Class are Defendants, the officers and

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002).  Movant satisfies both requirements.

## STATEMENT OF FACTS

Deutsche Bank is a global financial provider that offers investment, private, and retail banking services and advice. ¶2.[4]  The Company is headquartered in Frankfurt am Main, Germany, and its securities trade on the New York Stock Exchange ("NYSE") under the ticker symbol "DB." ¶ 3. The Actions allege throughout the Class Period, Defendants made false and/or misleading statements as well as failed to disclose that (i) Deutsche Bank's internal control environment and infrastructure were materially weak and deficient; and (ii) as a result, Deutsche Bank's statements about the Company's business and operations were materially false and misleading at all relevant times. ¶ 4.

On March 20, 2017, the first day of the Class Period, the Company filed its annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the fourth quarter and fiscal year 2016.  ¶ 20.  In relevant part, the report ensured that the Company's "disclosure controls and procedures were effective" for the 2016 fiscal year.  ¶ 21.  Additionally,

---

directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[4]      Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the Action. The facts set forth in the Complaint are incorporated herein by reference.

the Form 20-F contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), ensuring the accuracy of the Company's financial results. ¶ 22.

On April 27, 2017, July 27, 2017, and October 26, 2017, the Company filed its quarterly report on Form 6-K with the SEC for first, second, and third financial quarters 2017, respectively. ¶¶ 23-25. In relevant part, each of these reports reported Deutsche Bank's net income and revenue for the respective quarters. *Id.*

On March 16, 2018, the Company filed its annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the fourth quarter and fiscal year 2017. ¶ 26. Once again, the report ensured that the Company's "disclosure controls and procedures were effective" for the 2016 fiscal year. ¶ 27. Additionally, the Form 20-F contained signed certifications pursuant to SOX, ensuring the accuracy of the Company's financial results. ¶ 28.

On May 31, 2018, the truth emerged when the *Wall Street Journal* published an article entitled "Deutsche Bank's U.S. Operations Deemed Troubled by Fed." ¶ 30. In relevant part, the article disclosed that the Federal Reserve deemed the Company was in "troubled condition" - a status downgrade made secret to the public and investors. *Id.* On this news, Deutsche Bank's share price fell $0.49, or 4.24%, to close at $11.08. ¶ 31.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." The plaintiff who files the initial action must publish notice to

the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-(a)(3)(A)(i)(II)  and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, have the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and are not aware of any unique defenses that Defendants could raise against him.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1.    Movant is Willing to Serve as Class Representative

On June 7, 2018, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Deutsche Bank and which advised putative class

members that they had sixty days from the filing of the Notice to file a motion to seek appointment as a lead plaintiff in the action.[5]   Movant has reviewed a complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

> ### *2.*   **Movant has the Requisite Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action.   As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Apton Decl., Ex. B.  The movant or movants with the largest financial interest and who meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff.  *See Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Deutsche Bank securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby.  Movant suffered a substantial loss of $142,777.15.  *See* Apton Decl., Exhibit 2.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there is no

---

[5]      On June 7, 2018, the Notice was published over *Globe Newswire,* a widely circulated national] wire service.  *See* Apton Decl. Exhibit 3.

other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### B.     Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz,* 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999).  *See generally* Fed. R. Civ. P. 23(a)(3)-(4).  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *Weinberg,* 216 F.R.D. at 252.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See id.; Weltz,* 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### 1. Movant's Claims are Typical of the Claims of all the Class Member

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  Movant plainly meets the typicality requirement of Rule 23 because (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also Milestone Scientific,* 183 F.R.D. at 414-415.  Rule 23 does not require that the named plaintiff be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).  A finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members.  Movant, like the other members of the Class, acquired Deutsche Bank securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.  Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality

requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

**2.      Movant Will Adequately Represent the Class**

Moreover, Movant is an adequate representative for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with Movant's identical interests with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.  In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the

Actions.

## II.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class.  *See* Apton Decl. Ex. 4 (the firm resume of Levi & Korsinsky).

<u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests that this Court: (1)  appoint Movant as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated:  August 6, 2018                         Respectfully submitted,

                                               **LEVI & KORSINSKY, LLP**

                                               /s/ Adam M. Apton
                                               Nicholas I. Porritt
                                               Adam M. Apton
                                               30 Broad Street
                                               24th Floor
                                               New York, NY 10004
                                               Tel: (212) 363-7500
                                               Fax: (212) 363-7171
                                               Email: nporritt@zlk.com
                                               Email: aapton@zlk.com

                                               *Counsel for Movant-Proposed Lead Plaintiff*
                                               *Wenjeng Li*

9