**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YONGQIU ZHAO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK AKTIENGESELLSCHAFT, JOHN CRYAN, JAMES VON MOLTKE, and MARCUS SCHENCK,<br><br>Defendants. | No.: 1:18-cv-05104-AJN<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF YU DAI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

ARGUMENT ..................................................................................................................................2

        A.      DAI SHOULD BE APPOINTED LEAD PLAINTIFF .........................................2

                1.      Dai is Willing to Serve as Class Representatives .......................................3

                2.      Dai has the "Largest Financial Interest" ......................................................4

                3.      Dai Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................5

                4.      Dai Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses.........................................................7

        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................................................8

CONCLUSION ................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D. N.J. 2003) ................................................................................................. 4

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................................. 7

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ......................................................................................................... 6

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) .................................................................................................. 6, 7

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) ............................................................................................... 6

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997) ............................................................................................. 5

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................................... 5

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ............................................................................................. 5

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ............................................................ 4

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ......................................................... 4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ....................................................................................... 4, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) ............................................................................................... 4

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) .......................................................... 4

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)............................................................4

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................................................8

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986)................................................................................................7

**<u>Statutes</u>**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ...................................................................................... *passim*

**<u>Rules</u>**

Federal Rules of Civil Procedure Rule 23 ................................................................................ *passim*

Movant Yu Dai ("Dai") respectfully submits this Memorandum of Law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for the entry of an Order:  (1) appointing Dai as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Company") between March 20, 2017 through May 30, 2018, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Dai, with losses of approximately $340,884 in connection with her purchases of Company securities during the Class Period, has the largest financial interest in the relief sought in this action.  Dai further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as she is an adequate representative with claims typical of the other Class members. Accordingly, Dai respectfully submits that she should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

Deutsche Bank is a global financial service provider delivering commercial, investment, private, and retail banking. The Bank offers debt, foreign exchange, derivatives, commodities, money markets, repo and securitization, cash equities, research, equity prime services, loans, convertibles, advice on M&A and IPO's, trade finance, retail banking, asset management, and

1

corporate investments. Founded in 1870, Deutsche Bank is headquartered in Frankfurt am Main, Germany, and its securities trade on the New York Stock Exchange ("NYSE") under the ticker symbol "DB."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Deutsche Bank's internal control environment and infrastructure were materially weak and deficient; and (ii) as a result, Deutsche Bank's statements about the Company's business and operations were materially false and misleading at all relevant times.

On May 31, 2018, *The Wall Street Journal* reported that the U.S. Federal Reserve has designated Deutsche Bank's U.S. business to be in "troubled condition," citing concerns "about its controls around measuring financial exposure to clients and valuing collateral that backed loans." The article further reported that the Federal Deposit Insurance Corporation has added Deutsche Bank's subsidiary Deutsche Bank Trust Company Americas to its "problem banks" list of at-risk institutions. On this news, Deutsche Bank's share price fell $0.49, or 4.24%, to close at $11.08 on May 31, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Dai and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.   DAI SHOULD BE APPOINTED LEAD PLAINTIFF

Dai should be appointed Lead Plaintiff because she has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the

Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Dai satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Dai is Willing to Serve as Class Representatives

On June 7, 2018, Pomerantz, as counsel for plaintiff in the Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Company securities that they had 60 days—*i.e.*, until August 6, 2018—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of J. Alexander Hood II in Support of

Motion of Yu Dai for Appointment as Lead Plaintiff and Approval of Counsel ("Hood Decl."), Ex. A.

Dai has filed the instant motion pursuant to the Notice, and she has attached a Certification attesting that she is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary. *See* Hood Decl., Ex. B. Accordingly, Dai satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Dai has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Dai believes that she has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

4

During the Class Period, Dai (1) purchased 79,507 shares of Company securities; (2) expended $1,288,486 on her purchases of Company securities; (3) retained 61,325 of her Company shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $340,884 in connection with her Class Period purchases of Company securities. *See* Hood Decl., Ex. C. Because Dai possesses the largest financial interest in the outcome of this litigation, she may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Dai Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v.*

*Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Dai are typical of those of the Class. Dai alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Dai as did all members of the Class, purchased Company securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to

ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Dai is an adequate representative for the Class. There is no antagonism between the interests of Dai and those of the Class, and her losses demonstrate that she has a sufficient interest in the outcome of this litigation. Finally, Dai has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Dai Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Dai as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Dai to fairly and adequately represent the Class has been discussed above. Dai is not aware of any unique defenses defendants could raise that would render her inadequate to represent the Class. Accordingly, Dai should be appointed Lead Plaintiff for the Class.

7

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Dai has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Hood Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Action, Dai's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Dai, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Dai respectfully request that the Court issue an Order: (1) appointing Dai as Lead Plaintiff for the Class; (2) approving Pomerantz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 6, 2018

                                       Respectfully submitted,

                                       **POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*