UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2019

Dale Green, *individually and behalf of all others similarly situated*,

    Plaintiff,

—v—

Deutsche Bank Aktiengesellschaft *et al.*,

    Defendants.

18-CV-5104 (AJN)

OPINION AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Dale Green brings this putative securities class action lawsuit in relation to alleged misstatements in Defendant Deutsche Bank Aktiengesellschaft's ("Deutsche Bank") SEC filings. Now before the Court is Deutsche Bank's motion to dismiss, Dkt. No. 40. For the reasons articulated below, the motion is GRANTED.

## I. BACKGROUND

The following facts are drawn from the Amended Class Action Complaint and assumed to be true for purposes of this motion to dismiss.

Deutsche Bank, like many financial institutions, measures the quality of its internal controls under a framework established by the Committee of Sponsoring Organizations of the Treadway Commission ("COSO"). Amended Class Action Complaint ("AC") ¶¶ 19, 25, Dkt. No. 39. Under the COSO Framework, internal controls principally focus on three aspects of a financial institution: 1. the effectiveness and efficiency of operations; 2. the reliability of financial reporting; and 3. its compliance with applicable laws and regulations. *Id.* ¶ 20.

1

On May 31, 2018, the *Wall Street Journal* reported that the Federal Reserve had designated Deutsche Bank's U.S. business to be in "troubled condition." *Id.* ¶ 36. This was the latest in a string of regulatory difficulties for Deutsche Bank. *Id.* ¶¶ 27-35. The *Wall Street Journal* allegedly reported that this designation had been made in part due to concerns about the bank's controls regarding measuring exposure to clients and valuing collateral that backed loans. *Id.* ¶ 49. The article allegedly also identified as problematic Deutsche Bank's exposure to repo financing and its "inability to calculate, at the end of any given day, its exposures to what banks and other clients it had in specific jurisdictions, and over what duration." *Id.* After this article was released, shares of Deutsche Bank allegedly fell by roughly 4.24%. *Id.* ¶ 50.

Deutsche Bank is required file an annual Form 20-F statements with the SEC. *Id.* ¶ 25 n.6. The purpose of a 20-F is to provide information about the company to American investors. *Id.* At issue in this litigation are two statements that Deutsche Bank made in its 2016 and 2017 20-F filings. Its 2016 20-F contained the statement in a section titled "Management's Annual Report on Internal Control over Financial Reporting":

> Management of Deutsche Bank Aktiengesellschaft, together with its consolidated subsidiaries, is responsible for establishing and maintaining adequate internal control over financial reporting. Our internal control over financial reporting is a process designed under the supervision of our principal executive officer and our principal financial officer to provide reasonable assurance regarding the reliability of financial reporting and the preparation of the firm's financial statements for external reporting purposes in accordance with International Financial Reporting Standards as issued by the International Accounting Standards Board and as endorsed by the European Union. As of December 31, 2016, management conducted an assessment of the effectiveness of our

internal control over financial reporting based on the framework established in Internal Control–Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO). **Based on the assessment performed, management has determined that our internal control over financial reporting as of December 31, 2016 was effective based on the COSO framework (2013).**

*Id.* ¶ 44 (emphasis in original). The 2017 20-F contains a nearly identical statement with the relevant dates revised up by one year. *Id.* ¶ 47.

Plaintiff claims that, in light of the deficiencies identified in the *Wall Street Journal* article, these two statements are fraudulently and materially misleading. *Id.* ¶¶ 67-82. He brings an action for securities fraud against Deutsche Bank as well as one current and two former executives. *Id.*

## II. LEGAL STANDARD

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

The elements of a private securities fraud claim under Section 10(b) and Rule 10b-5 are "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (quoting *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008)). Complaints for private securities fraud claims based on misstatements must also satisfy Federal Rule of Civil Procedure 9(b) and are therefore required to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI Commc'ns, Inc.*, 493 F.3d at 99. Finally, the PSLRA, among other things, "requires that 'the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.'" *Id.* (quoting 15 U.S.C. § 78u-4(b)(1)).

### III. DISCUSSION

#### A. The Complaint Fails to Properly Allege a Misleading Statement

The Amended Complaint fails at the first prong: alleging a material misrepresentation or omission. Plaintiff's claim essentially boils down to allegations that the deficiencies allegedly identified by the Federal Reserve made the 20-F statements materially misleading. AC ¶¶ 45, 48. But the 20-F statements do not concern controls generally. Rather they specifically pertain to the effectiveness of Deutsche Bank's "internal control over *financial reporting* . . . based on the COSO framework." AC ¶¶ 44, 47 (emphasis added). Yet, the Amended Complaint never

4

explains why these alleged deficiencies support the idea that the bank's management failed to find the internal controls over financial reporting effective under the COSO framework. In fact, it never explains what these alleged deficiencies have to do with financial reporting at all. *See ATSI Commc'ns, Inc.*, 493 F.3d at 99 ("[T]he complaint shall specify . . . the reason or reasons why the statement is misleading….").

Even if a financial institution has deficiencies in some of its controls, its controls regarding financial reporting may still be entirely effective. The Complaint alleges that "'[f]inancial reporting' under the COSO Framework . . . is not limited to public filings such as SEC reports, but also includes 'financial reports prepared in accordance with a special purpose framework, such as those established by taxing authorities or regulatory agencies.'" AC ¶ 26. However, it once again never explains which, if any, reports the alleged deficiencies actually could have affected. Plaintiff's Opposition also fails to identify a single relevant report. Indeed, the alleged deficiencies, such as the inability to calculate exposure at the end of any given day, seem to pertain more directly to internal risk management than financial reporting.

Consequently, Plaintiff's securities fraud claim must be dismissed. *See In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 648 (S.D.N.Y. 2017) ("Even if it were sufficient for Plaintiff to allege that a failure in internal controls occurred, the amended complaint fails to allege any such failure with respect to the Company's financial reporting."); *In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386, 402 (S.D.N.Y. 2016) (dismissing claim where alleged deficiencies regarding illegal kickback scheme did not relate to statements regarding the efficacy of internal controls for financial reporting); *In re PetroChina Co.*, 120 F. Supp. 3d 340, 359 (S.D.N.Y. 2015) ("Even if PetroChina officials were engaging in bribery, the SAC does not make any allegations that would imply that the Company had flawed internal controls over *financial*

*reporting."*), *aff'd sub nom., Klein v. PetroChina Co.,* 644 Fed. Appx. 13 (2d Cir. 2016); *In re Gentiva Secs. Litig.*, 932 F. Supp. 2d 352, 371 (E.D.N.Y. 2013) (dismissing securities fraud claim based on statements regarding financial reporting controls where the plaintiff had "not alleged any facts pertaining to the Company's internal structure for financial reporting, much less that [Defendant] lacked adequate internal controls"). Even if the PSLRA's pleading requirements did not apply, the allegations are essentially so conclusory that the Complaint would still be insufficient.

### B. The Claims Against the Individual Defendants Are Also Dismissed

"This Court has the power to dismiss a complaint against the non-moving Individual Defendants, so long as it is exercised cautiously and on notice." *In re PetroChina Co.*, 120 F. Supp. 3d at 368. In this case, it appears that the individual defendants have not been served. Moreover, Plaintiffs were aware of the grounds for dismissal and had an opportunity to contest them. Since the grounds for dismissal "discussed above apply equally to the non-moving Defendants," the securities fraud claims against them are also dismissed. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-3495, 2017 U.S. Dist. LEXIS 122868, at *26 (S.D.N.Y. June 28, 2017). Finally, because the Section 20(a) claims control person claims against the individual defendants are predicated on an underlying securities fraud claim, they are dismissed as well.

## IV. CONCLUSION

For the reasons articulated above, Defendants' motion to dismiss is GRANTED. Since Plaintiff has not made any amendment requests, these dismissals are with prejudice. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed. R. Civ. P. 15(a), no court can be said to have erred

in failing to grant a request that was not made."); *see also* Individual Practice in Civil Cases Rule 3(F) ("Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing."). The Clerk of Court is respectfully directed to close this case.

This resolves Dkt. Nos. 40, 43.

SO ORDERED.

Dated: September 30, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge